UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY JULIAO,

      Plaintiff,

v.                                                                    Case No. 12-cv-14471
                                                                      Honorable Denise Page Hood

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. and U.S. BANK NATIONAL
ASSOCIATION, as Trustee for Structured
Asset Securities Corporation Mortgage Pass-
Through Certificates, Series 2006 BC2,

      Defendants.

_____/


**ORDER GRANTING MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**
**AND**
**ORDER DISMISSING ACTION**

I.      **BACKGROUND**

      This matter was removed from the Oakland County Circuit Court, State of Michigan on

October 9, 2012. Plaintiff Tracey Juliao filed a Complaint against Defendants Mortgage Electronic

Registration Systems, Inc. ("MERS") and US Bank National Association, as Trustee for Structured

Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006 BC2 ("US Bank")

alleging one count of Vacating Sherif's Deed on Mortgage Sale and/or to Force Judicial Foreclosure.

In lieu of an Answer, Defendants filed the instant motion on October 16, 2012. Plaintiff filed a

response to the motion on the date of the hearing in this matter--December 12, 2012. Oral

arguments were held on the motion.

      The real property at issue is commonly known as 29432 Gramercy Court, Farmington Hills,

MI 48336. (Comp., ¶ 1) Plaintiff entered into a mortgage agreement and promissory note for the

purchase of the property with Impac Funding Corporation d/b/a Impac Lending Group on March 31, 2006.  (Comp., ¶ 8)  The first mortgage loan was in the amount of $203,000.00 and the second was in the amount of $50,900.00.  (Motion, Exs. 2 and 3)  MERS acquired an interest in the mortgage, but not the promissory note on March 31, 2006.  (Comp., ¶ 10)  According to the Sheriff's Deed on Mortgage Sale, MERS assigned Plaintiff's mortgage to US Bank on March 31, 2006, which was recorded with the Oakland County Register of Deeds.  (Comp., ¶ 11)  There was a transfer of the assignment of the mortgage.  (Comp., ¶ 11)  On July 3, 2012, the property was sold at a Sheriff's Sale in the amount of $150,875.00.  (Comp., ¶ 14)

Wells Fargo Bank is the current master servicer of the Trust.  (Comp., ¶ 15)  The Pooling and Servicing Agreement ("PSA") mandated that loans must be transferred into the trust on or before the closing date, which is governed by the law of the state of New York.  (Comp., ¶¶ 18-19)  Plaintiff asserts the assignment of the mortgage to the Trust was legally defective and that the foreclosure of the property was unlawful.

## II.    ANALYSIS

### A.    Standard of Review

Defendants move to dismiss under Rule 12(b)(6) or Rule 56(a) of the Rules of Civil Procedure.  Rule 12(b)(6) of the Rules of Civil Procedure  provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555

2

(internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation.  *Ashcroft v. Iqbal,* 556 U.S. 662, 681  (2009).  In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

3

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. Modification

Defendants assert that Plaintiff's claim that she did not receive a notice of modification opportunity under M.C.L. § 600.3205a(1) is false. Defendants submitted copies of the March 29, 2012 notice of modification sent to Plaintiff. Plaintiff thereafter requested a meeting and in response Defendants sent a letter to Plaintiff requesting certain financial documents in preparation of the meeting. (Motion, Ex. 7) Because Plaintiff failed to provide the documents as required by M.C.L. § 600.3205b(2), Defendants began foreclosure proceedings. (Motion, Ex. 8)

4

Court have held that where a defaulted mortgagor fails to follow the requirements under the statute, M.C.L. § 600.3205a-c, the mortgagor cannot challenge a foreclosure based on the foreclosing party's failure to comply with statute.  *See, Talton v. BAC Home Loans Servicing LP,* 839 F.Supp.2d 896, 909 (E.D. Mich. 2012).  Defendants have submitted documentation that Plaintiff was sent notification regarding a loan modification opportunity, contrary to her allegations in the Complaint.  Plaintiff failed to respond to the motion.  Summary judgment is appropriate because Defendants have properly submitted support for their argument.

### C.       Conversion to Judicial Foreclosure

Defendants argue that Plaintiff's claim to convert the foreclosure by advertisement to a judicial foreclosure because she did not have the opportunity to modify her loan is without merit for the reasons set forth above.  Defendants assert that even if Plaintiff did not receive the appropriate loan modification notice, Plaintiff waited too long to bring this action to stop the foreclosure or to convert it to a judicial foreclosure.  The Sheriff's Sale occurred on July 3, 2012.  (Motion, Ex. 8)  Plaintiff filed the instant suit on September 11, 2012.

M.C.L. § 600.3205c(8) provides that the exclusive remedy for violations of the loan modification provision is to convert it to a judicial foreclosure if foreclosure by advertisement is pending.  The statute does not allow such conversion if the foreclosure by advertisement has been completed.  *See Smith v. Bank of America Corp.,* 2012 WL 2301645, at *6 (6th Cir. 2012).  Defendants have properly submitted documentation that the Sheriff's Sale occurred on July 3, 2012.  The instant suit filed on September 11, 2012 was more than 60 days after the sale.  There was no pending foreclosure by advertisement proceeding at the time the action was filed.  Plaintiff is not entitled to convert the action to a judicial foreclosure.

5

###### D.      Securitization of the First Mortgage

Defendants assert that Plaintiff's claim that the securitization of the first mortgage was not legal is irrelevant to the foreclosure proceedings.  Plaintiff asserts in her Complaint that the foreclosure is void because it was contrary to the PSA.  Defendants assert Plaintiff has no standing under the PSA to challenge any breach of the PSA.  Defendants claim Plaintiff fails to state a claim on Defendants' failure to follow the PSA.

Courts have held that securitization of a note or mortgage has nothing to do with the foreclosure proceedings.  *See Leone v. Citigroup, Inc.,* 2012 WL 1564698, at *3 (E.D. Mich. 2012)(Any transfer to the trust under the PSA has no impact on the validity of the mortgage or on the power of the mortgagee to foreclose.).  Courts have also held that a mortgagor has no standing to challenge whether the procedures of the PSA were followed.  *See Estate of Malloy v. PNC Bank,* 2012 WL 176143, at *4-*5 (E.D. Mich. 2012)(Defaulted mortgagors are neither parties to nor intended third-party beneficiaries of the Pooling and Servicing Agreement and therefore lack standing to challenge failure to comply with the PSA.); *see also, Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 Fed. Appx. 97, 102 (6th Cir. 2010).  The purpose of an obligor's defense as to the PSA which may render an assignment void is to avoid the risk of paying the same debt twice.  *See Smith v. Litton Loan Servicing, LP,* 2013 WL 888452, at *3 (6th Cir. 2013)(citing *Livonia Properties, supra*).  There is no allegation in the Complaint nor has Plaintiff submitted any evidence that she is in risk of having to pay the same debt twice.  Plaintiff lacks standing to bring a claim that Defendants violated the PSA when the mortgage or note was assigned under the PSA.

### III.      CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss and/or for Summary Judgment (**Doc. No. 4**) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager